RAMÓN P. VILLAMIL, demandante en tercería, apelado, *v.* Sobrinos de Izquierdo, Inc., y Graulau & Hnos., demandados en tercería, apelante (la primera).

No. 5656.—*Sometido:* Febrero 1, 1933. *Resuelto:* Marzo 10, 1933.

*Molina, Dubón & Ochoteco,* abogados de la apelante; *R. Ramírez Pabón,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Con fecha 22 de agosto de 1929, Sobrinos de Izquierdo Inc. radicó un pleito ante la Corte Municipal de San Juan, Sección Segunda, contra Graulau Hnos., en cobro de la suma de $425.57. Para asegurar la efectividad de la sentencia que en dicho pleito hubiera podido recaer a favor de la apelante, se embargaron bienes de la demandada que el márshal valoró en $505. La demandante en su pleito contra Graulau Hnos. obtuvo sentencia por la suma reclamada de $425.57.

En la misma fecha en que se practicó el embargo de dichos bienes, Ramón P. Villamil prestó un juramento por escrito, alegando que los referidos bienes muebles embargados eran de su propiedad y haciendo constar que hacía esta reclamación de buena fe.

El apelado como principal, y Pedro Romanacce y José Semidey como fiadores, suscribieron una fianza a favor de la apelante por la suma de $1,010, o sea por el doble del valor en que fueron tasados los bienes embargados, y esta fianza fué aprobada por el márshal de la corte municipal en 6 de septiembre de 1929.

Aparece de los autos que en 19 de noviembre de 1929 el Secretario de la Corte Municipal de San Juan, Sección Segunda, notificó al apelante y al apelado, así como a Graulau Hnos., que se había radicado en la secretaría de dicha corte el procedimiento de tercería antes referido. En 21 de marzo

de 1930 la apelante radicó una moción solicitando que se dictara sentencia contra el apelado Ramón P. Villamil y que se declarara sin lugar su tercería por el fundamento de que no obstante haber sido notificado para ello no se había personado ni comparecido en los procedimientos de tercería dentro del término fijado por la ley.

Con fecha 22 de abril de 1930, la Corte Municipal de San Juan se declaró sin jurisdicción para entender en el procedimiento de acuerdo con las disposiciones de la Sección 17 de la Ley para proveer los procedimientos en tercería, y dispuso que tanto el juramento como la fianza prestada por el apelado se devolvieran al márshal de la citada corte para que dicho funcionario a su vez los remitiera directamente al Secretario de la Corte de Distrito de San Juan.

Surge de los autos que con fecha 28 de mayo de 1930 el Secretario de la Corte de Distrito de San Juan notificó a la apelante y al apelado, así como a Graulau Hermanos, haberse radicado en la Secretaría a su cargo el juramento y la fianza prestados por el apelado a que se hace referencia anteriormente, de acuerdo con las disposiciones de la sección 11 de la citada Ley regulando el procedimiento en casos de tercería.

La apelante, con fecha 5 de junio de 1930, se personó e hizo constar su comparecencia en el procedimiento de tercería indicado, y posteriormente, con fecha 18 de junio de 1930, solicitó de la corte inferior que por no haberse personado ni comparecido en el procedimiento de tercería el apelado Ramón P. Villamil ni la otra demandada Graulau Hnos. dentro del término concedido por la ley, después de haber sido notificados por el secretario de la corte, que se desestimara la reclamación de la apelada y que se le condenara, al igual que a sus fiadores, a pagar a la apelante el montante asignado como valor de los bienes embargados, de acuerdo y conformidad con las disposiciones de la Sección 12 de la ameritada Ley relativa a procedimiento en los casos de tercería.

Compareció el apelado Ramón P. Villamil para oponerse a la solicitud de la apelante, alegando entre otras cosas, bajo

juramento, que el Márshal de la Corte Municipal de San Juan en ningún momento le entregó los bienes que fueron objeto del juramento y la fianza prestada y que fueron embargados en el caso original de *Sobrinos de Izquierdo, Inc.*, v. *Graulau Hermanos.* Añade el apelado que dichos bienes fueron depositados en poder de uno de los demandados, miembro de la sociedad demandada Graulau Hermanos, y que según su información y creencia el márshal de dicha Corte Municipal de San Juan remató y vendió en pública subasta parte de los bienes embargados, para satisfacer una sentencia de *Casanova Hnos.* v. *Graulau Hnos.*

La corte inferior, actuando de juez el Hon. Ricardo A. Gómez, luego de una vista en la que comparecieron la apelante y el apelado, y en la cual se practicó prueba por ambas partes, dictó sentencia el 7 de octubre de 1930, limitándose a desestimar la tercería establecida por el apelado por abandono de la misma, sin hacer ningún otro pronunciamiento, a pesar de que la apelante solicitó que se desestimase la reclamación y se condenase al apelado Ramón P. Villamil, al igual que sus fiadores, a pagar a la demandada en tercería el importe asignado como valor de los bienes embargados, de acuerdo con lo dispuesto en la ley. Contra esta sentencia apeló el Sr. Pérez Villamil para ante este tribunal, habiendo sido desestimada dicha apelación en 18 de noviembre de 1930 (41 D.P.R. 1010). Posteriormente y con fecha 29 de enero de 1931, la apelante radicó una petición en la corte inferior solicitando que la sentencia dictada en 7 de octubre de 1930 fuese enmendada *nunc pro tunc,* de manera que la misma se ajustara a los preceptos de las secciones 14 y 15 de la Ley de la Asamblea Legislativa de Puerto Rico, proveyendo el procedimiento para los casos de tercería de bienes muebles, cuya petición fué declarada sin lugar por la corte inferior en 25 de febrero de 1931, actuando de juez el Hon. Pablo Berga. Contra esta resolución se interpuso el presente recurso de apelación.

Se alega que la corte erró al resolver que la enmienda so-

licitada por la apelante a la sentencia dictada por dicha corte el 7 de octubre de 1930 era una enmienda sustancial y al denegar la enmienda *nunc pro tunc* solicitada por la apelante.

Arguye la apelante que la sentencia dictada por la corte de distrito debió haber contenido una disposición en virtud de la cual se ordenase al apelado, en su carácter de tercerista, la restitución de los bienes objeto de la tercería al Márshal de la Corte Municipal de San Juan, para que este funcionario procediera a ejecutar la sentencia obtenida a su favor por la apelante en el pleito que dió lugar al embargo de dichos bienes, y que en defecto de la restitución de los mismos dentro del término de diez días de haberse dictado el fallo, en la misma buena condición en que los hubiera recibido y previo pago al apelante por el uso de los bienes así como por los daños y costas causados, se condenara al apelado y a sus fiadores a satisfacer el valor de los referidos bienes.

De la opinión emitida por la corte inferior al desestimar la moción de la apelante copiamos lo siguiente:

"Claramente aparece en este caso que la corte desestimó la demanda por abandono de la acción, o sea por no haber comparecido el tercerista, después de habérsele notificado en debida forma, con vista de la sección 12 de la Ley de Tercería, pero sin resolver nada, a pesar de haberse levantado la cuestión por el tercerista y practicarse prueba, acerca de la falta de entrega por el márshal de los bienes objeto de la tercería, y sin dictar fallo alguno contra el tercerista y sus fiadores, como lo disponen los artículos 14 y 15 de la ley, por el valor de la propiedad, con sus intereses legales sobre la misma desde la fecha de la fianza, o siendo dicho valor mayor que la cantidad reclamada en la orden en cuya virtud se procedió al embargo de la propiedad, de condenarlos a pagar una indemnización sobre la cantidad reclamada en la orden, con la condición prevista en la Sección 15 que si dentro del término de diez días de firme el fallo contra el reclamante, éste devolviere la propiedad en la misma buena condición en que la recibió y pagare por el uso, así como por los daños y costas causados, con dicha entrega y pago se tendría por satisfecha la sentencia."

Es verdad que de acuerdo con la ley de tercería cuando el reclamante de una propiedad deja de probar su derecho a

la misma, la corte tiene el deber de fallar en contra del reclamante y de sus fiadores. La ley impone también al funcionario que tomare el juramento el deber de entregar la propiedad reclamada a la persona que estableciere la reclamación y prestare la fianza. El tercerista alegó bajo juramento que el márshal no le había puesto nunca en posesión de la propiedad. La corte, luego de celebrar una vista en la cual se practicó prueba, se limitó a dictar una sentencia desestimando la tercería, sin hacer ningún otro pronunciamiento. Se arguye que la corte debió ajustarse a los preceptos del estatuto y que las omisiones que se advierten en el fallo deben ser subsanadas por medio de una sentencia *nunc pro tunc*. La cuestión de que la propiedad reclamada no se entregó nunca al apelado fué planteada ante la corte inferior, la cual pronunció su fallo previa audiencia de las partes y presentación de prueba. La corte *a quo,* al dictar la resolución apelada, declara que de los autos no aparece que se diese posesión de los bienes al tercerista. De acuerdo con la ley y la fianza el tercerista queda obligado a devolver la propiedad en la misma condición en que la recibió, y si dejare de devolverla entonces deberá pagar la correspondiente indemnización. Es claro que para que pueda devolver o dejar de devolver, es necesario, como requisito previo, la entrega al tercerista de los bienes embargados. La ley dice que, aprobada la fianza y entregada al reclamante la propiedad, ésta se considerará como *in custodia legis* y no se retirará de su poder en virtud de ninguna otra orden u órdenes análogas. Si se cumplió o no con este último requisito de entregar los bienes al reclamante es cosa que no surge claramente de los autos. Sin embargo, para los efectos del recurso interpuesto, a nosotros nos basta con saber que la cuestión fué debidamente planteada ante la corte inferior, y que ésta se abstuvo de dictar sentencia contra el tercerista y los fiadores. Si hubo o no entrega de la propiedad, no incumbe a esta corte resolverlo, sin base alguna para ello, sino a la corte inferior que conoció del procedimiento, oyó a las partes y pronunció la sentencia que se pretende enmendar.

Claramente se ve que no se trata de una omisión involuntaria o de un error cometido por inadvertencia, sino de una resolución deliberada que posiblemente está justificada por la prueba y que no debe ser alterada mediante una sentencia *nunc pro tunc* ordenada por este tribunal de apelación, que no tiene conocimiento de los hechos que desfilaron ante la corte inferior cuando se discutió la moción del apelante que culminó en la sentencia desestimando la tercería, sin hacer ningún pronunciamiento contra el apelado y sus fiadores.

*Opinamos que debe confirmarse la resolución apelada.*